## RAMSCAR *v.* GERRY.

(*Supreme Court, General Term, First Department.* June 19, 1888 )

LIBEL AND SLANDER—PLEADING—SUFFICIENCY OF COMPLAINT.

A complaint setting out as libelous a statement that the legislature had passed a law prohibiting baby-farming, and that a copy of it had been served on plaintiff, with a notification by a certain society that he must comply with its terms; that he at once made an application for a license to baby-farm to the board of health, and the society as promptly interposed a protest,—does not state a cause of action, as the alleged libel does not charge that plaintiff was ever engaged in baby-farming.

Appeal from circuit court, New York county.

Action by William H. Ramscar against Elbridge T. Gerry for libel. From a judgment dismissing the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Richard Busteed*, for appellant. *Joseph H. Choate*, for respondent.

BRADY, J. This was an action for libel, which was in these words: "The legislature last winter, at the instance of this society, passed a very stringent amendment to the Penal Code forbidding baby-farming. A copy of this law, immediately after its enactment, was served on Mr. Ramscar, with a notification by the society that he must comply with the terms thereof. He at once

made an application for a license to baby-farm to the board of health, and the society as promptly interposed a protest,"—and was published in the Commercial Advertiser. It is set out in the complaint with proper innuendo; but there is no allegation that the appellant ever was engaged in baby-farming, and the omission of that is fatal to his success upon this appeal. The alleged libel is a mere statement that the plaintiff was notified that if he desired to avail himself of the act of the legislature he must comply with its terms, and, having applied for a license, he was refused. It does not follow by any means that the refusal, which was the sting of the libel, was based upon any misconduct of his, either in baby-farming or in anything else. Whether or not the language complained of, as suggested by the counsel for respondent, might have been made actionable by alleging special reasons is not the question. There are cases kindred to this, and decisive of it by analogy, if adjudications be necessary to establish the propriety of the judgment appealed from. For example: An allegation that a plaintiff, who was a coroner and physician, did not know the signs of death as accurately as another physician, was held not to be actionable, because it was not alleged that the publication was made concerning the plaintiff as a physician. *Purdy* v. *Printing Co.*, 96 N. Y. 372. This opinion might be extended by a consideration of various suggestions in regard to the libel and its character, and the phrase "baby-farming," and what was meant by it, and what was understood by it; but it is deemed unnecessary to indulge in a review of every one of these elements. It is enough for the purposes of this appeal that the plaintiff has failed to show that the defendant connected his name with odious or reprehensible practices, and was therefore denied the license which he sought to obtain. For these reasons the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.